## IN RE: ESTATE OF LANE
### Case No. 83-3294 CP
Fifteenth Judicial Circuit, Palm Beach County
March 19, 1985

### OPINION OF THE COURT

EDWARD RODGERS, Circuit Judge.

THIS MATTER came before the Court upon the Amended Petition for Probate of the Petitioner, Herbert Webber, to admit to probate the Will of Ruth Lane, dated February 5, 1982, as republished on December 13, 1982. The Respondents, Dorothy Imperato, current personal representative, and remaining intestate heirs of the decedent deny the Will should be admitted to probate, and alleged the Will was the produce of undue influence. The February 5, 1982 Will contained 28 specific bequests and a residuary bequests to the Ruth Lane Charitable Foundation which was admitted into evidence. The Petitioner presented evidence and the Court found that the execution of the December 13, 1982 republication document was in accordance with FS

§ 732.502 (1983). The effect of this republication, pursuant to FS § 732.511 (1983) was to make the February 5, 1982 Will operative in its entirety as of December 13, 1982.

FINDINGS OF FACTS: Thomas Edwin Jordan shared a confidential relationship with Mrs. Lane as her business manager. He was a recipient of a specific bequest of $100,000.00 under her previously executed California Will, and a Director of the Ruth Lane Charitable Foundation, the residuary beneficiary under Mrs. Lane's California Will. Mr. Jordan prepared, typed, secured witnesses for, and was present at or near the execution of the December 13, 1982 republication. Mr. Jordan also drove Mrs. Lane to the real estate office where the republication was executed. Obviously, Mr. Jordan's activities in this respect completely dominated Mrs. Lane.

The depositive provisions of the February 5, 1982 Will, as republished, included a $100,000.00 specific request to Mr. Jordan, pursuant to Paragraph #23, Article III. Although not by testamentary appointment, but by separate instrument, Mr. Jordan was one of the four directors of the Ruth Lane Charitable Foundation which was the residuary beneficiary pursuant to Article FOURTH of the Will. As was stated above, Mr. Jordan's involvement was in Ruth Lane's non-testamentary affairs, both before and after she executed the Will and was an overwhelming influence as detailed by the testimony.

The Court finds that the presumption of undue influence by Mr. Jordan as to the December 13, 1982, republication of the Will has been established by virtue of his participation in the events of the execution of the Will, his confidential relationship with Mrs. Lane and by his being a substantial beneficiary under the Will.

Having established that there is a presumption of undue influence by Mr. Jordan, the Court considers the other aspects of the case. Ruth Lane executed a prior Will in 1972 providing for specific bequests to a mix of family, friends, and the decedent's former son-in-law's family. The balance of the estate was bequeathed to charity. In 1978 and 1981, Ruth Lane directed the preparation of draft Wills, all indicating an intent to devise her estate by Will to a mix of family, friends, the decedent's former son-in-law's family, and charity. In January of 1982, several weeks prior to the preparation and execution of the February 5, 1982 Will, Mrs. Lane discussed with Attorney Downey of Palm Beach the intent to execute a Will consisting of 24 specific beneficiaries including family, friends, the decedent's former son-in-law's family, and a residuary bequest to charity.

The Court was favored with a video expression of this lovely lady's

40

intent, in the form of a video tape interview prior to and contemporaneous with the execution of the Febrary 5, 1982 Will. There again, free from any outside influence and the presence of the over-powering Mr. Jordan, she indicated an awareness and intent to provide for friends, family, and charity.

The Articles of Incorporation of the Ruth Lane Charitable Foundation and testimony indicated that an individual director of the Foundation does not have uncontrolled discretion to make determinations concerning recipients of foundation assets for charitable purposes of amounts to be allocated for such purposes, nor does a director have authority to employ himself for professional services. The evidence further indicated that Mr. Jordan has resigned as a Director of the Ruth Lane Charitable Foundation.

As detailed above, from the findings of facts, there was ample evidence to raise a presumption of undue influence by Mr. Thomas Edwin Jordan over Mrs. Lane. The presumption arose due to their confidential relationship in his active role in the procurement of the republication of the December 13, 1983 Will, and Mr. Jordan's substantial benefits under the California Will of February 5, 1982, which was republished. Mr. Jordan failed to come forward with a reasonable explanation for his active involvement in the preparation of the testamentary documents. However, with the exception of the bequest of Mr. Jordan, the disposition of the assets through the Will of February 5, 1982, as republished, is a natural distribution commensurate with Mrs. Lane long established testamentary plan and is not otherwise a produce of undue influence. Florida Statute 732.5165 (1983) establishes that any part of a will procured by undue influence is void, while any part not so procured shall be valid if it is not invalid for other reasons. This Court determines that the part of the Will procured by undue influence is Paragraph #23 of Article THIRD, the specific bequest to Thomas Edwin Jordan of $100,000.00. This Court finds that that bequest is severable and that the striking of it will not interfere with the general scheme of distribution. See, *In Re: Estate of Van Horne,* 305 So.2d 45 (3d DCA Fla. 1974). The Court further finds that to assume that Mrs. Lane wished to die intestate would be to fly in the face of all of the creditable evidence presented during the trial. It is thereupon,

ORDERED AND ADJUDGED:

(1) The bequest to Thomas Edwin Jordan, Article THIRD, Paragraph #23, is hereby stricken.

(2) The Amended Petition for Probate is granted. The Last Will of

41

Ruth Lane, deceased, as republished on December 13, 1982, with Paragraph #23 of Article THIRD stricken, having been established by the oath of Cathy L. Johnston as to the February 5, 1982 Will and by the testimony in the proceedings of Helen Hussey and Chole Duke as subscribing and attesting witnesses, is the Last Will of the decedent. The Court finds that decedent died of October 25, 1983. The Will bearing the original date of February 5, 1982, with Paragraph #23 of Article THIRD stricken, as republished December 13, 1982, is admitted to probate according to the law as and for the Last Will of the decedent, and it is further adjudged that Herbert Weber is appointed Personal Representative of the Estate of the decedent, and that upon taking the prescribed oath, filing designation of resident agent and acceptance, the Letters of Administration shall be issued.

(3) That the present Personal Representative, Dorothy Imperato, pursuant to Probate and Guardianship Rule 5.5440, be and is hereby removed effective upon the qualification of said Herbert Weber and that Dorothy Imperato shall file a true and correct Final Accounting of her administration within thirty (30) days after the issuance of Letters of Administration to Herbert Weber, and she shall deliver to the successor Personal Representative, Herbert Weber, all the records concerning the estate and all the property of the estate within thirty (30) days of the date of this Order.

(4) This Court retains jurisdiction for the purpose of considering the taxation of costs and attorney's fees, if due.

DONE AND ORDERED in Chambers this 19th day of March, 1985, at West Palm Beach, Palm Beach County, Florida.